**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Halstead,<br><br>              Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of<br>Social Security,<br><br>              Defendant. | No. CV12-1706 PHX DGC<br><br>**ORDER** |

Plaintiff Brian Halstead applied for disability and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act on November 1, 2000.[1] Tr. 79-81, 274-276, 238-245.  His claims were denied initially on June 18, 2002 (Tr. 277-82), and upon reconsideration on September 12, 2002 (Tr. 283-87).  Plaintiff was granted a hearing in which he appeared before an Administrative Law Judge ("ALJ") on December 11, 2003.  Tr. 60, 17.  In an opinion dated March 9, 2004, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 14-23. The ALJ's March 9, 2004, decision became the Defendant's final decision when the Appeals Council denied review on October 26, 2004.  Tr. 7-9.  Plaintiff sought judicial review of Defendant's decision pursuant to 42 U.S.C. § 405(g), and on August 4, 2005,

---

[1] Plaintiff alleged a disability onset date of November 1, 2000, but because there is no evidence of any medically determinable impairment prior to March 5, 2002, Plaintiff's appeal is limited to the portion of the decision finding him not disabled as of March 5, 2002.  Doc. 18 at 7 n.1.

1   the district court granted the parties' stipulation for remand.  *Halstead v. Barnhart*, No.
2   2:04-cv-02608-NVW (Aug. 4, 2005).   On remand, Plaintiff was granted a hearing in
3   which he appeared before an ALJ on September 12, 2006.  Tr. 1416.  The ALJ issued an
4   unfavorable decision on February 7, 2007.  Tr. 1233-1250.  In response to Plaintiff's
5   request for review (Tr. 1251-1264), the Appeals Council remanded the matter for further
6   proceedings on February 10, 2009 (Tr. 1268-1272).  Plaintiff was granted a hearing and
7   appeared before an ALJ on June 8, 2010.  Tr. 1458.  The ALJ determined that Plaintiff
8   was not disabled within the meaning of the Social Security Act in a decision dated
9   October 25, 2010.  Tr. 310-322.  The ALJ's decision became Defendant's final decision
10  when the Appeals Council denied review on July 12, 2012.  Tr. 288-291.  Plaintiff then
11  commenced this action for judicial review.  Doc. 1.  For reasons that follow, the Court
12  will reverse Defendant's decision and remand for an award of benefits.[2]

13  **I.    Standard of Review.**

14          Defendant's decision to deny benefits will be vacated "only if it is not supported
15  by substantial evidence or is based on legal error."  *Robbins v. Soc. Sec. Admin*., 466 F.3d
16  880, 882 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but
17  less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept
18  as adequate to support a conclusion."  *Id.*   In determining whether the decision is
19  supported by substantial evidence, the Court must consider the record as a whole,
20  weighing both the evidence that supports the decision and the evidence that detracts from
21  it.  *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998).  The Court cannot affirm the
22  decision "simply by isolating a specific quantum of supporting evidence."  *Day v.
23  Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see Robbins*, 466 F.3d at 882.

24

25          [2] Plaintiff's request for oral argument is denied.  The parties' briefing and other
26  submissions have amply addressed the issues raised by the motions, and the Court finds
    that oral argument will not aid its decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*,
27  141 F.3d 920, 926 (9th Cir. 1998).

28

**II.    Analysis.**

For purposes of Social Security benefits determinations, a disability is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505.  Determining whether a claimant is disabled involves a five-step evaluation.  The claimant bears the burden in steps one through four of showing that (1) he is not engaged in a substantial gainful activity, (2) he has a severe medically determinable physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work.[3]  If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five.  The Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  Tr. 313.  At step two, the ALJ found that Plaintiff suffered from the following severe impairments:  depressive disorder not otherwise stated, personality disorder not otherwise stated, and a history of amphetamine abuse.  *Id.* The ALJ determined at step three that none of these impairments or their combination met or equaled a listed impairment.  Tr. 313-315.  The ALJ then considered the entire record and determined that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:  mild to moderate limitations in terms of cognitive functioning and social interaction; and those "set forth in Exhibits 5F and 6F."  Tr. 315.  At step four, the ALJ determined that Plaintiff was not

---

[3] RFC is the most a claimant can do in light of the limitations caused by her impairments.  *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. § 416.945 (a); SSR 96-8p, 1996 WL 374184 (July 2, 1996).

1   disabled because he was capable of performing his past relevant work.  Tr. 322.

2          Plaintiff argues that the ALJ erred by failing to identify and resolve discrepancies

3   in the RFC analysis (Doc. 18 at 1-2), improperly weighing medical opinions (*id.* at 14),

4   by failing properly to evaluate Plaintiff's credibility (*id.* at 23), and by improperly

5   rejecting third party witness testimony (*id.* at 28).

6          **A.     The RFC Assessment.**

7          The ALJ determined that "the claimant has the residual functional capacity to

8   perform a full range of work at all exertional levels, but with the following nonexertional

9   limitations:   the claimant has mild to moderate limitations in terms of cognitive

10  functioning and social interaction.   In addition, the specific non-exertional functional

11  limitations set forth in Exhibits 5F and 6F are incorporated herein and made a part of the

12  claimant's residual functional capacity assessment."  Tr. 321.  Exhibit 5F (Tr. 264-273)

13  contains notes from the January 15, 2004, consultative mental evaluation conducted by

14  clinical psychologist Dr. David Young.   Dr. Young opined that Plaintiff has no

15  limitations in his ability to understand, remember, and carry out short, simple instructions

16  (Tr. 272), and that his functional limitations are slight with respect to his abilities to

17  understand, remember, and carry out detailed instructions, make judgments on simple

18  work-related decisions, interact appropriately with the public, with supervisor(s), and

19  with co-workers, respond appropriately to work pressures in a usual work setting, and

20  respond appropriately to changes in a routine work setting (Tr. 272-273).  Exhibit 6F

21  (Tr. 1338-1350) contains the June 16, 2009, consultative mental evaluation conducted by

22  licensed psychologist Dr. Elliot Salk.  Dr. Salk opined that Plaintiff has moderate

23  limitations in his ability to understand and remember complex instructions (Tr. 1348), no

24  limitation in his ability to carry out simple instructions (*id.*), and that his functional

25  limitations are mild with respect to his abilities to understand and remember simple

26  instructions, make judgments on simple work-related decisions, carry out complex

27  instructions, make judgments on complex work-related decisions, interact appropriately

28  with the public, supervisor(s), and co-workers, respond appropriately to usual work

1   situations and to changes in a routine work setting (Tr. 1348-1349).

2           Plaintiff argues that the ALJ's RFC assessment constitutes legal error because the
3   ALJ did not identify the limitations in Exhibits 5F and 6F, and failed to resolve
4   discrepancies in their limitations.  Doc. 18 at 2.  For the first argument, Plaintiff cites
5   *Reddick*, 157 F.3d 715, for the proposition that "[a] Court should not have to sift through
6   the evidence to ascertain the ALJ's RFC assessment" (Doc. 18 at 2), but Plaintiff does
7   not provide a page cite for this holding and, in any event, the Court does not agree that
8   reversible error is a consequence of the fact that the Court must sift through evidence.  As
9   to the second argument, the Court agrees that there are discrepancies in the limitations set
10  forth in the evaluations of Drs. Young and Salk.  For instance, Dr. Young opined that
11  Plaintiff has no limitation in his ability to understand and remember short, simple
12  instructions (Tr. 272), while Dr. Salk concluded that Plaintiff has mild restrictions
13  (Tr. 1348).  Additionally, while Dr. Young found that Plaintiff has slight limitations in
14  his ability to understand and remember detailed instructions (Tr. 272), Dr. Salk found that
15  Plaintiff has moderate limitations in his ability to understand and remember complex
16  instructions (Tr. 1348).  Although there do appear to be conflicts in the ALJ's RFC
17  assessment, the Court concludes that any error is harmless because the ALJ imposed
18  more limitations in Plaintiff's RFC than the evaluations of Drs. Young and Salk required,
19  and these additional limitations benefit Plaintiff.  *Tommasetti v. Astrue*, 533 F.3d 1035,
20  1038 (9th Cir. 2008) ("the court will not reverse an ALJ's decision for harmless error,
21  which exists when it is clear from the record that the ALJ's error was inconsequential to
22  the ultimate nondisability determination." (quotation marks and citations omitted)).  As
23  Plaintiff submits (Doc. 18 at 2), the ALJ determined that Plaintiff's RFC contained
24  greater cognitive functioning and social interaction limitations than set forth in the
25  evaluations of Drs. Young and Salk.

26          **B.    Medical Opinion Evidence.**

27          "The ALJ must consider all medical opinion evidence."  *Tommasetti*, 533 F.3d at
28  1041; *see* 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996).

Regarding the weight that an ALJ should give to a particular medical opinion, the Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ may reject the opinion of a treating or examining physician by making "findings setting forth specific legitimate reasons for doing so that are based on substantial evidence in the record." *Id.* "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

Opinions of examining or consulting physicians alone may constitute substantial evidence supporting the ALJ's decision when they are consistent with other evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) ("[T]he reports of consultative physicians . . . may serve as substantial evidence."); *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); *Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); *see also* 20 C.F.R. § 404.1527(f) (stating that the opinions of non-examining physicians constitute medical evidence).

Therapists, like physician's assistants, are considered "other source" opinions, and although not acceptable medical sources, an ALJ must take into account "other source" opinion evidence unless he or she expressly determines to disregard it and provides germane reasons for doing so. *Cole v. Astrue*, 395 Fed. Appx. 387, 389 (9th Cir. 2010); *see also*; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

### 1.     Dr. Kiti Ton, M.D.

Plaintiff's treating psychiatrist, Dr. Kiti Ton, completed a mental impairment

report on June 11, 2002.  Tr. 137-140.  The report indicated that Plaintiff suffered from depression and had a history of anger, fighting, and substance abuse.  Tr. 137.  Dr. Ton opined that Plaintiff was not significantly limited in his ability to do many work-related mental activities.  Tr. 137-140.  Dr. Ton noted some limitations, such as in his "ability to carry out detailed instructions," and opined that Plaintiff is limited because he needs help filling out complicated forms.  Tr. 139.  As to "ability to maintain attention and concentration for extended periods," Dr. Ton was unsure of Plaintiff's limitations because he "has had trouble holding jobs."  *Id.*  As to his "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," Dr. Ton opined that Plaintiff was limited with respect to transportation because his driver's license is suspended.  *Id.*  As to his "ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," Dr. Ton opined that Plaintiff is delusional at times because "he reported men in black suits showing up at potential employers," and that his sleep is poor based on self-reporting.  *Id.*  The ALJ accorded significant weight to Dr. Ton's assessment.  Tr. 321.

Plaintiff argues that the ALJ overlooked the portion of Dr. Ton's assessment opining that Plaintiff has a limited ability to complete a normal workday and sustain a work-pace without interruption from psychologically based symptoms.  Doc. 18 at 15.  According to Plaintiff, had the ALJ accorded this portion of Dr. Ton's assessment any weight, then the ALJ would have been required to find Plaintiff disabled based on the vocational expert's testimony.  *Id.* at 15-16 (citing Tr. 1454).  Defendant argues that this does not constitute error because although the ALJ did not explicitly discount these portions of Dr. Ton's assessment, Dr. Ton's report noted that Plaintiff had substance abuse problems and, "elsewhere in the decision, the ALJ noted that Plaintiff denied using illicit substances in medical reports subsequent to Dr. Ton's opinion."  Doc. 19 at 18.

The Court reviews "the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the

adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).   The rationale provided by Defendant is therefore not relevant.   In addition, the Ninth Circuit has made clear that an ALJ's rejection of testimony is erroneous and not supported by substantial evidence where the ALJ has "selectively focused on aspects of [a medical report] which tend to suggest non-disability[.]"   *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001); *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).   The ALJ did not explain why he rejected Dr. Ton's opinion that Plaintiff has limitations in his ability to complete a normal workday, performing at a consistent pace without an unreasonable number and length of rest periods.   This constitutes legal error.   *See Thomas*, 278 F.3d at 957.

### 2. Dr. Francisco Neufeld, M.D.

In 2004, Plaintiff's treating psychiatrist Dr. Francisco Neufeld completed a medical assessment of Plaintiff's ability to do work-related mental activities, which indicated that Plaintiff's degree of functional limitation ranged from mild to severe. Tr. 432-433.   Dr. Neufeld completed a second assessment on June 24, 2009, which indicated that Plaintiff's degree of functional limitation ranged from mild to severe, with no degree of deterioration in personal habits or restriction of daily activities.   Tr. 1412-1413.  Dr. Neufeld completed a third assessment on May 26, 2010, which indicated that Plaintiff's degree of functional limitation ranged from mild to severe, with no degree of deterioration in personal habits.   Tr. 1224-1225.   The ALJ rejected these assessments because Dr. Neufeld's progress notes "consistently establish that the claimant's symptoms, overall, were 'mild' and his condition 'clinically stable' with medication." Tr. 321.  Plaintiff argues that this constitutes error because "the record as a whole shows symptoms to be much greater than 'mild.'"   Doc. 18 at 18.   The Court disagrees.

Dr. Neufeld treated Plaintiff from September 21, 2004, through June 10, 2009. Tr. 1048, 1351-1352.  Dr. Neufeld's notes from this period consistently indicate that Plaintiff's symptoms ranged from mild to moderate, that he was minimally or much

1   improved, and that his GAF score ranged from 50 to 60.  Tr. 1399-1400, 1396-1397,

2   1394-1395, 1392-1393, 1390-1391, 1388-1389, 1386-1387, 1384-1385, 1382-1383,

3   1378-1379, 1376-1377, 1374-1375, 1048-1049, 1043-1044, 1023-1024, 1015-1016,

4   1008-1009, 1005-1006, 993-994, 943-944, 902-903, 898-899, 628-629.  Plaintiff argues

5   that his 50 to 55 GAF score range is "indicative of moderate to serious symptoms"

6   (Doc. 18 at 19), but those scores are indicative of moderate symptoms only.[4]  Plaintiff has

7   not pointed to anything in Dr. Neufeld's medical notes that supports his moderately

8   severe to severe assessment.  The ALJ identified a clear contradiction in Dr. Neufeld's

9   opinion – his medical notes do not support the assessment – and this constitutes a specific

10   and legitimate reason to reject Dr. Neufeld's opinion.  *See Valentine v. Comm'r Soc. Sec.*

11   *Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (finding that a contradiction in a treating

12   psychologist's opinion constitutes a specific and legitimate reason to reject the opinion);

13   *see also Thomas*, 278 F.3d at 957.

14                      **3.      Russell Beazer, Treating Therapist.**

15          Plaintiff's treating therapist, Russell Beazer, assessed Plaintiff on March 5, 2002,

16   and based on this assessment, Mr. Beazer reported that Plaintiff scored 25 out of 30 on a

17   mini mental state exam (Tr. 178) and opined that Plaintiff's global assessment of

18   functioning was 40 (Tr. 180).  Mr. Beazer diagnosed Plaintiff with psychotic disorder not

19   otherwise stated, a mood disorder not otherwise stated, and amphetamine abuse.  Tr. 180.

20   As to Beazer's opinion that Plaintiff's GAF score was 40, the ALJ found that "[c]learly,

21   the therapist was relying on the claimant's allegations in forming this opinion as it is

22   inconsistent with the evaluation."  Tr. 316.

23          Plaintiff argues that the ALJ's rejection of Mr. Beazer's opinion constitutes legal

24

25          [4] The GAF scale ranges from 1 to 100 and reflects a person's overall
26   psychological, social, and occupational functioning.  *See Morgan*, 169 F.3d at 598 n.1;
    *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  A GAF score of 41 to 50
27   indicates severe symptoms or severe difficulty in functioning, while a GAF score of 51 to
    60 indicates moderate symptoms or moderate difficulty in functioning.  *See id*.

28

error.  Doc. 18 at 19-20.  The Court disagrees.  The ALJ offered a specific reason – that the opinion placed undue weight on Plaintiff's subjective complaints – to discount Mr. Beazer's opinion.  Tr. 316.  Because the Court finds below that the ALJ properly discounted Plaintiff's subjective complaints, the ALJ's rejection of Mr. Beazer's opinion does not constitute legal error.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Because the present record supports the ALJ in discounting [the claimant's] credibility, as discussed above, [the ALJ] was free to disregard [an examining physician's] opinion, which was premised on [claimant's] subjective complaints.").

### 4.    Drs. David Young, Ed.D., and Elliot Salk, Ph.D.

The Court summarized the opinions of Drs. Young and Salk above.  As to both, Plaintiff argues that the ALJ's decision to give the opinions substantial weight constitutes legal error.  Doc. 18 at 20-21.  The Court disagrees.

The ALJ's decision to give substantial weight to the opinion of Drs. Young and Salk constitutes legal error only if the opinions are not consistent with independent clinical findings or other evidence in the record.  *See Thomas*, 278 F.3d at 957. Dr. Young's opinion is consistent with his own independent clinical findings (Tr. 265-269) and largely confirmed by Dr. Salk (Tr. 1348).  Additionally, Dr. Young noted the medical records he relied upon in rendering his evaluation (Tr. 264).  Dr. Salk's opinion is consistent with his own clinical findings (Tr. 1342-1346) and is largely confirmed by Dr. Young's opinion (Tr. 272-273).  The ALJ's decision to rely on the opinions of Drs. Young and Salk does not constitute legal error.

### 5.    Dr. Paul Tangeman, Ph.D.

Dr. Paul Tangeman completed a mental health assessment on June 17, 2002. Tr. 184.  The assessment indicated that Plaintiff was diagnosed with depression not otherwise stated and amphetamine dependence (Tr. 184, 187, 192), that his impairments from these disorders were severe but not expected to last 12 months (Tr. 184), and that there was insufficient evidence for the period of November 2000 through March 2002 (*id.*).  Dr. Tangeman's functional limitation assessment predicted that by March 2003,

1    Plaintiff would have no episodes of decompensation of extended duration, and that he
2    would have mild limitations with regard to restriction of activities of daily living,
3    difficulties in maintaining social functioning, and difficulties in maintaining
4    concentration, persistence, or pace.  Tr. 194.  Dr. Tangeman's findings were confirmed
5    by Dr. Hubert Estes, M.D.  Tr. 196.  In concluding his step four determination, the ALJ
6    noted that the "conclusion is fully supported by the assessments of the state Agency
7    medical consultants who conducted a detailed review of the claimant's medical file and
8    concluded that claimant's impairments would not preclude basic work activity
9    (Exhibit 3F)."  Tr. 321.

10       Plaintiff argues that the ALJ's decision to give Dr. Tangeman's opinion significant
11   weight is legal error because the opinion is speculative and "contrary to the conclusion of
12   the ALJ finding that the impairments lasted greater than 12 months."  Doc. 18 at 22.  The
13   Court does not agree.  The ALJ's citation to Dr. Tangeman's opinion is ambiguous as to
14   what weight, if any, the ALJ afforded the opinion.  The Court cannot find that this
15   citation, after reaching a definitive determination at step four, constitutes legal error.
16   Additionally, because the ALJ imposed more limitations in Plaintiff's RFC than required
17   by Dr. Tangeman's opinion, any error in the weight given to Dr. Tangeman's opinion
18   constitutes harmless error.  *See Tommasetti*, 533 F.3d at 1038 ("the court will not reverse
19   an ALJ's decision for harmless error, which exists when it is clear from the record that
20   the ALJ's error was inconsequential to the ultimate nondisability determination."
21   (quotation marks and citations omitted)).

22            **6.      Dr. Edward Jasinski, Ph.D.**
23       Dr. Edward Jasinski testified at the June 2010 and December 2006 hearing as an
24   impartial psychological expert.  Tr. 1420, 1465.  Dr. Jasinski testified that Plaintiff did
25   not have a disorder or a combination of disorders that meet or equal a listing.  Tr. 1466.
26   In making his determination at step three, the ALJ accepted and adopted Dr. Jasinski's
27
28

1    opinion.[5]  Tr. 314.  Plaintiff argues that this was error because Dr. Jasinski incorrectly

2    discounted Plaintiff's symptoms because of alleged substance abuse and the ALJ failed to

3    address this deficiency in Dr. Jasinski's opinion.  Doc. 18 at 23.  The Court does not

4    agree.  The ALJ adopted Dr. Jasinski's opinion with respect to step three and not step

5    four.  As the ALJ noted, to find to the contrary at step three, "the mental impairments

6    must result in at least two of the following:  marked restriction of activities of daily

7    living; marked difficulties in maintaining social functioning; marked difficulties in

8    maintaining concentration, persistence, or pace; or repeated episodes of decompensation,

9    each of extended duration."  Tr. 313-314.  With respect to the ALJ's decision at step

10   three, under which the ALJ adopted Dr. Jasinski's opinion, Plaintiff has not pointed to

11   legal error.  The Court finds that the ALJ's decision at step three is supported by

12   substantial evidence.

13        **C.    Plaintiff's Testimony.**

14        The ALJ concluded Plaintiff's statements concerning the intensity, persistence,

15   and limiting effects of his symptoms were not credible to the extent they are inconsistent

16   with the RFC assessment.  Tr. 320.  In reaching this conclusion, the ALJ evaluated

17   Plaintiff's testimony using the two-step analysis established by the Ninth Circuit.  *See*

18   *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Applying the test of *Cotton v.*

19   *Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ first determined that Plaintiff's

20   impairments could reasonably produce the symptoms alleged.  Tr. 320.  Given this

21   conclusion, and because there is no evidence of malingering, the ALJ was required to

22   present "specific, clear and convincing reasons" for finding Plaintiff not entirely credible.

23   _____

24        [5] The ALJ appears to have referred to Dr. Jasinski initially as "Dr. David Jarmon,
     Ph.D."  Tr. 313.  The ALJ describes "Dr. Jarmon's" testimony, and then states that "[i]n

25   making this finding, the [sic] Dr. Jasinski also considered whether the 'paragraph B'
     criteria are satisfied."  *Id.*  There is no other reference to "Dr. Jarmon" in the ALJ's

26   opinion.  Defendant argues that reference to Dr. Jarmon is a typographical error that does
     not significantly detract from the ALJ's decision.  Doc. 19 at 19 n.4.  Plaintiff submits in

27   his reply brief that "it is unknown if this was a typographical error, given the all other
     [sic] errors in the record."  Doc. 23 at 10.  The Court agrees with Defendant.

28

*Smolen*, 80 F.3d at 1281.  This clear and convincing standard "is the most demanding required in Social Security cases."  *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ found "claimant credible to the extent he alleges some impairment in terms of cognition and social interaction," and reduced his RFC "to recognize and accommodate these limitations."  Tr. 321.  The ALJ was unable, however, "to find credible evidence of disabling symptoms of such frequency, duration, or intensity as to prevent claimant from sustaining basic work activity consistent with the residual functional capacity established in this case."  Tr. 321.

Plaintiff argues that the ALJ improperly rejected his subjective complaints. Doc. 18 at 24-28.  The Court disagrees.  In discounting Plaintiff's subjective complaints, the ALJ made the following findings:

> the claimant is limited in his ability to engage in some work-related activity due to mental impairment, but not to the extent alleged.  The record also supports that the claimant's symptoms and limitations have fluctuated from mild to moderate, but were never severe or marked.  Further, the record establishes that claimant's mental impairments are manageable with medication and continued treatment.  Specifically, the record supports that when the claimant is medication compliant, his mental condition is generally stable.

Tr. 320.

The ALJ provided a lengthy evaluation of Plaintiff's medical records.  Tr. 316-320.  That evaluation clearly supports the ALJ's finding that Plaintiff's symptoms are not severe or marked, particularly when he is medication compliant.  To the extent Plaintiff alleges otherwise, the objective medical evidence does not comport with those complaints.  The ALJ's extensive review and recitation of Plaintiff's medical history, which demonstrated nothing more than mild to moderate impairments that were largely manageable through medication, provided clear and convincing reasons – supported by

substantial evidence – for discounting Plaintiff's subjective complaint testimony.  This does not constitute legal error.  *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 (9th Cir.2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citation omitted); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir.2004) (lack of objective medical evidence supporting claimant's allegations supported ALJ's finding that claimant was not credible).

**D.      Third Party Witness Testimony.**

Plaintiff's mother provided testimony indicating that Plaintiff has social functioning difficulties and difficulties with his memory, concentration, and task completion.  Tr. 364-372.  The ALJ referred to Plaintiff's mother's "report[ing] that the claimant prepared meals and worked on his car."  Tr. 314.  Plaintiff argues that the ALJ's failure to mention his mother's testimony and failure to give germane reasons for rejecting the testimony constitutes legal error.  Doc. 18 at 29.  Defendant argues that any error in this respect is harmless because Plaintiff's mother's testimony mirrored Plaintiff's own testimony and the ALJ found that Plaintiff lacked credibility.  Doc. 19 at 15.  The Court agrees.  Having found that the ALJ did not err in discrediting Plaintiff's testimony, the Court finds that the ALJ's failure to give a specific reason for rejecting Plaintiff's mother's testimony, which mirrored Plaintiff's own testimony, is harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1117-22 (9th Cir. 2012).

**IV.    Remedy.**

The Court has the discretion to remand the case for further development of the record or for an award benefits.  42 U.S.C. § 405(g); *see Harman v. Apfel,* 211 F.3d 1172, 1173-74 (9th Cir. 2000).  Plaintiff asks the Court to consider granting him disability status based on his "subjective complaint testimony and treating medical source opinion[.]"  Doc. 18 at 29.  As explained above, however, the ALJ did not err in rejecting Plaintiff's subjective complaints.  The only error was that with respect to Dr. Ton's opinion.

1    The Ninth Circuit has held that evidence should be credited as true, and an action

2    remanded for an award of benefits, where three conditions are met:  the ALJ has failed to

3    provide legally sufficient reasons for rejecting evidence, no outstanding issue remains

4    that must be resolved before a determination of disability can be made, and it is clear

5    from the record that the ALJ would be required to find the claimant disabled were the

6    rejected evidence credited as true.  *See, e.g.*, *Varney v. Sec'y of Health and Human*

7    *Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988).

8    As to Dr. Ton's opinion that Plaintiff is limited in his "ability to complete a

9    normal work-day and workweek without interruptions from psychologically based

10    symptoms and to perform at a consistent pace without an unreasonable number and

11    length of rest periods" (Tr. 139), the Court concludes that it need not be credited as true

12    on remand.  The credit-as-true rule applied in *Varney* and its progeny is "specifically

13    limited to cases 'where there are no outstanding issues that must be resolved before a

14    proper disability determination can be made[.]'"  *Vasquez v. Astrue*, 572 F.3d 586, 593

15    (9th Cir. 2009) (quoting *Varney*, 859 F.2d at 1401).  Dr. Ton's opinion about Plaintiff's

16    ability to complete a normal workday at a consistent pace is cryptic, based on information

17    more than a decade old, and somewhat ambiguous.  Tr. 139.  The opinion does not

18    specify the degree of limitation, and instead states only that Plaintiff is limited to the

19    extent that he is "delusional at times" and that his "sleep is poor."  *Id*.  Although the

20    vocational expert testified that an individual "unable to complete a normal workday and

21    workweek without interruptions from psychologically-based symptoms, and to perform at

22    a consistent pace without an unreasonable number and length of rest periods" would not

23    be able to perform Plaintiff's past work (Tr. 1454), Dr. Ton did not opine that Plaintiff is

24    "unable" to complete a normal workday at a consistent pace.  Accordingly, it is not clear

25    from the record that the ALJ would be required to find Plaintiff disabled if the rejected

26    portion of Dr. Ton's opinion were credited as true.  For this reason, the Court will remand

27    for further proceedings consistent with this order.

28

**IT IS ORDERED:**

      1.     Defendant's decision denying benefits is **reversed**.

      2.     The case is **remanded** for further proceedings consistent with this order.

      3.     The Clerk is directed to enter judgment in this matter.

Dated this 11th day of July, 2013.

_____
David G. Campbell
United States District Judge