1   **WO**

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9   Brian Halstead,                                    No. CV12-01706-PHX-DGC

                                Plaintiff,
10                                                      **ORDER**

11  v.

12  Carolyn W. Colvin, Acting Commissioner
    of Social Security,
13
                                Defendant.
14

15          Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g)

16  after his application for disability benefits was denied.  Doc. 1.  The Court reversed

17  Defendant's decision and remanded the case for further proceedings.  Doc. 24.

18          Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to

19  Justice Act, 28 U.S.C. § 2412 ("EAJA").  Doc. 29.  The motion is fully briefed and no

20  party has requested oral argument.  For reasons stated below, the Court will grant the

21  motion and award Plaintiff attorney's fees in the amount of $7,041.77.

22          "The EAJA creates a presumption that fees will be awarded to prevailing parties."

23  *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).  Plaintiff is a prevailing party

24  because this matter was remanded pursuant to sentence four of the Social Security Act,

25  42 U.S.C. § 405(g).  Doc. 24; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993);

26  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).  The Court should award

27  reasonable attorney's fees under the EAJA unless Defendant shows that his position in

28  this case was "substantially justified or that special circumstances make an award unjust."

1    28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

2        Defendant does not contend that an award of fees in this case would be unjust.

3    Nor has she shown that the positions taken in defense of the ALJ's erroneous decision

4    were substantially justified.  Defendant argues that her position was reasonable and is

5    therefore substantially justified.  Doc. 30 at 4; *see also Pierce v. Underwood*, 487 U.S.

6    552, 565 (1988) (holding that substantially justified means "justified to a degree that

7    could satisfy a reasonable person").  The Supreme Court has held that a position can be

8    substantially justified "if it has a reasonable basis in fact and law." *Pierce*, 487 U.S. at

9    566 n.2.

10       Here, the ALJ did not explain why he rejected a treating physician's opinion that

11   Plaintiff had limitations in his ability to complete a normal workday.  This constituted

12   legal error.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Defendant's

13   arguments to the contrary amounted to *post hoc* rationalization, something not permitted

14   in Social Security appeals.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225

15   (9th Cir. 2009).  Accordingly, the Commissioner's position cannot be said to have a

16   "reasonable basis in law" and is therefore not substantially justified.

17       Plaintiff's counsel, Eric Slepian, has filed an affidavit (Doc. 29-1 at 9-10) and an

18   itemized statement of fees (*Id.* at 6-7) showing that he worked 37.8 hours on this case.[1]

19   Having reviewed the affidavit and the statement of fees, and having considered the

20   relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983),

21   the Court finds that the amount of the requested fee award is reasonable.

22       **IT IS ORDERED:**

23       1.    Plaintiff's motion for attorney's fees (Doc. 29) is **granted**.

24

25

26

27

28       [1] In his reply, Plaintiff's attorney requests $93.27 for his time spent drafting the reply brief.  Doc. 31 at 5.  No additional affidavit or documentation was submitted. Accordingly, the Court will not consider this request.

1     2.    Plaintiff is awarded **$7,041.77** pursuant to the Equal Access to Justice Act,

2  28 U.S.C. § 2412.

3     Dated this 21st day of October, 2013.

4

5

6

7                                       David G. Campbell
                                  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28